Marissa A. Warren, Esq., State Bar No. 249583
    Email: mwarren@ljdfa.com
Merna R. Abdelmalak, Esq., State Bar No. 324349
    Email: mabdelmalak@ljdfa.com
Arianna M. Peregretti, Esq., State Bar No. 349616
    Email:  aperegretti@ljdfa.com
**LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
2677 North Main Street, Suite 901
Santa Ana, California 92705-6632
Telephone (714) 558-7008 • Facsimile (714) 972-0379

Attorneys for Defendants,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC. and CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, L.L.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

ELVA BERNAL,

        Plaintiff,

   vs.

CVS PHARMACY, INC., a Rhode Island Corporation;  aka  CVS  CAREMARK ADVANCED TECHNOLOGY PHARMACY, LLC, an Illinois Limited Liability Corporation; and DOES 1 through 100, inclusive,

        Defendants.

CASE NO.: 5:24-cv-01842-SSS (DTB)

Hon.  Sunshine Suzanne Sykes
Hon.  David T. Bristow

**AMENDED     STIPULATED PROTECTIVE ORDER**

NOTE CHANGES MADE BY THE COURT

ACTION FILED: March 28, 2024
TRIAL DATE:     June 1, 2026

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**1.     A.     <u>PURPOSES AND LIMITATIONS</u>**

     The Parties herein agree that the discovery sought in this Action is likely to require the production of certain confidential health care, proprietary, business, commercial, personnel, and financial information, as well as other confidential and private information,

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, that this Stipulated Protective Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5, sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal. The Parties herein, therefore, agree and request that the Court hereby ORDER, ADJUDGE, and DECREE as follow:

### B.      GOOD CAUSE STATEMENT

This Action is likely to involve trade secrets, confidential health care, proprietary, business, commercial, personnel, and financial information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and business practices, or other confidential research, developments or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. To that end, it is agreed that the Parties wishing to identify materials as CONFIDENTIAL shall timely provide reasonable and sufficient explanation(s) as to why such material should be CONFIDENTIAL

**2. DEFINTIONS**

2.1 Action: Elva Bernal v. CVS Pharmacy, Inc., et al.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 Confidential Information: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Attorneys who are employees of a party to this Action.

Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.6 Order/Protective Order: This instant stipulated protective order.

2.7 Party or Parties: Plaintiff, Elva Bernal, and Defendant, Garfield Beach CVS, L.L.C.

2.8 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.9 Protected Material/Documents: Any disclosure of Discovery Material or Documents that is designated as "CONFIDENTIAL."

2.10 Receiving Party: A Party that receives Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

2.11 <u>Qualified Persons</u>: The only persons to which Protected Documents, and the information and contents thereof, and Confidential Information may be disclosed to.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material which is not already a public record ; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

A Party producing or propounding written discovery responses or documents that contain trade secrets, proprietary, or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are sometimes referred to in this Order as "Protected Documents." The Parties and thereby, Designating Party, agree(s) that they will be judicious and reasonable in designating materials as "CONFIDENTIAL" under this Order. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standard. The

**AMENDED STIPULATED PROTECTIVE ORDER**

Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

a.    Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this order must be clearly so designated before the material is disclosed or produced.

b.    If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel for the deponent or the Party with whom the deponent is affiliated, or counsel for any Party to this Action, shall inform the deposing counsel of the confidentiality of any such testimony or exhibit and shall designate the testimony or exhibit as "CONFIDENTIAL," either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript.  Unless otherwise agreed, all depositions which do or may contain Confidential Information shall be treated as confidential during the thirty (30) day period set forth above.  Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed or ordered.  The deposition of any witness (or any portion of such deposition) that does or may encompass Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

1  For purposes of this Order, a deponent is "affiliated" with a Party if he or she is a past or
2  present officer, director, shareholder, agent, employee, consultant or representative of
3  such Party.  All court reporters and videographers engaged to record and/or videotape
4  depositions in this case will be informed of this Order and will be required to sign an
5  agreement to operate in a manner consistent with this Order.

6          c.      The designation of confidential material shall be made by placing or affixing
7  on each page of the material, in a manner that will not interfere with its legibility, the word
8  "CONFIDENTIAL," which word may be accompanied by information specifying the
9  litigation in which the document was produced and indicating that the document is subject
10 to this Protective Order. If only a portion or portions of the material on a page qualified
11 for protection, the Producing Party must clearly identify the protection portion(s) (e.g., by
12 making appropriate markings in the margins). The designation of confidential material
13 may be made prior to reproduction of any such material selected on behalf of a Party for
14 copying and before distribution of such reproduced material to that Party.  A Party shall
15 not be deemed to have waived any right to designate materials as confidential by allowing
16 inspection of such material prior to a designation of such material as confidential or by
17 inadvertently failing to mark a document as confidential prior to disclosure of the same.

18      A Party or Non-Party that makes original documents available for inspection need
19 not designate them for protection until after the inspecting Party had indicated which
20 documents it would like copied and produced. During the inspection and before the
21 designation, all of the material made available for inspections shall be deemed
22 "CONFIDENTIAL." After the Inspecting Party has identified the documents it wants
23 copied and produced, the Producing Party must determine which documents, or portions
24 thereof, qualify for protection under this Order. Then, before producing the specified
25 documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
26 that contains Protected Material. If only a portion or portions of the material on a page
27 qualifies for protection, the Producing Party also must clearly identify the protected
28 portion(s) (e.g., by making appropriate markings in the margins).

For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is store the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

d.     Confidential Information and Protected Documents shall be used solely and exclusively for the purpose of this litigation and, under no circumstance, may Confidential Information or Protected Documents be used in any other action or for any purposes unrelated to this litigation. Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated, transferred or disclosed, orally or by any other means, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this Action.  Access to Confidential Information shall be limited to those persons designated below, and all persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons.

**6.     QUALIFIED PERSONS**

Protected Documents, and the information and contents thereof, and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a.     The Parties and their respective employees and agents;

b.     Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial or other proceedings of this Action;

c.     Experts and consultants retained by a Party whose assistance is necessary for trial or other proceedings preparation of this specific

Case no. 5:24-cv-01842-SSS (DTB)
**AMENDED STIPULATED PROTECTIVE ORDER**

action, provided that no such disclosure shall ever be made to any person employed by or consulting for any competitor of any Defendant or Specially Appearing Defendant unless that competitor is a party to this action;

d.    Court reporters and videographers; and

e.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whim disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

f.    The recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g.    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

h.    Any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions and any person mutually agreed upon in writing by all Parties.

7.    **MARKING DOCUMENTS AS "CONFIDENTIAL"**

All documents and all briefs and other papers containing, referring to or otherwise

disclosing Protected Documents or Confidential Information which are filed with or otherwise submitted to the Court shall not be disclosed except as provided in this Order. All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL" prior to such filing or submission.  In the event that any Protected Documents or Confidential Information are used or disclosed in any hearing or trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and Counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

**8.    PROTECTED DOCUMENTS OR CONFIDENTIAL INFORMATION NOT TO BE PROVIDED TO COMPETITORS**

In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, irrespective of whether they are retained as an expert by Counsel for a Party, unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the terms and provisions herein.

**9.    ACCESS TO PROTECTED DOCUMENTS OR CONFIDENTIAL INFORMATION**

Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit "A," to be bound by and to comply with the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court.  Opposing counsel shall be notified at least fourteen (14) days prior to disclosure to any person known to be an employee or agent of, or consultant to, any competitor of the Party whose designated documents are sought to be disclosed.  Such notice shall

provide a reasonable description of the person, all their potential affiliations with any competitor of any Party, to whom disclosure is to be made sufficient to permit objections to be made.  If a Party objects in writing to such disclosures within fourteen (14) days of receipt of notice, no disclosure shall be made until the Party seeking to make the disclosure obtains prior approval of the Court or the objecting Party.

**10.    NON-PARTY'S PRODUCTION OF PROTECTED DOCUMENTS OR CONFIDENTIAL INFORMATION**

The Parties recognize that, during the course of this action, there may be produced Protected Documents or Confidential Information originating from a Non-Party to which there exists an obligation of confidentiality. Information originating from a Non-Party that a designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order. However, should the Non-Party be utilizing any material that is elsewhere a matter of public record, will not be so designated.

**11.    PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

    a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or other to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 12.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the relief provide by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. Promptly notify in writing this Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 14 days of

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense for seeking protection in this Court of its Protected Material.

**13.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c )inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**14.    THIRD PARTY'S PRODUCTION OF PROTECTED DOCUMENTS OR
CONFIDENTIAL INFORMATION**

Third parties producing documents in the course of this litigation may also designate documents as "Confidential," subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served along with any subpoena to a third party in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of fourteen (14) days from the date of their production, and, during that period, any Party may designate such documents as "Confidential" pursuant to the terms of the Protective Order. In the event any Party or Non-Party discovers, after it has produced documents or information, that it has inadvertently produced documents or information that should have been, but was not,

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

designated as Confidential Information, the Producing Party may designate the documents or information as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as Confidential Information under this Order, and the recipient of such improperly designated documents or information shall undertake their best effort to retrieve any disclosure, dissemination, or use of such improperly designated documents or information from persons not entitled to receive such documents and, upon receipt of the properly designated substitute documents or information, shall return or destroy the previously received improperly designated documents.

**15.    PROTECTED DOCUMENTS PRODUCED TO A QUALIFIED PERSON**

Any copy of a Protected Document distributed to a Qualified Person shall be returned to Counsel for the Producing Party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the Producing Party or the Court, execute an affidavit stating that all such documents and copies of such documents have been returned as required.

**16.    FILING A PROTECTED DOCUMENT OR DOCUMENT CONTAINING CONFIDENTIAL INFORMATION**

Any Party seeking to file with the Court a Protected Document or a document containing Confidential Information shall first move the Court to file the document under seal pursuant to Civil Local Rule 79-5. All documents that the Court permits to be filed under seal shall be filed in the manner described in Rule 79-5.

**17.    COUNSEL TO KEEP ALL MATERIALS AND INFORMATION DESIGNATED AS CONFIDENTIAL IN THEIR EXCLUSIVE POSSESSION**

Except to the extent otherwise permitted by this Order, Counsel shall keep all materials and information designated as confidential and subject to this Protective Order within their exclusive possession and control and shall take all necessary and prudent

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

## 18. QUALIFIED PERSONS TO KEEP ALL MATERIALS AND INFORMATION DESIGNATED AS CONFIDENTIAL IN THEIR EXCLUSIVE POSSESSION

Except to the extent permitted by this Order, each and every Qualified Person provided copies of or access to material designated as confidential pursuant to this Order shall keep all such materials and any permitted copies, notes, abstracts, or summaries of such material within their exclusive possession and control and shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials and shall not disseminate such materials or their contents to anyone.

Any Qualified Person having access to material or information designated confidential under this Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials, or information of any portion thereof, as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by any defendant.

## 19. INADVERTENT PRODUCTION OF DOCUMENTS SUBJECT TO WORK PRODUCT IMMUNITY OR ATTORNEY-CLIENT PRIVILEGE

Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege; provided that the Producing Party notifies the receiving Party in writing via e-mail, with confirmation by mail, of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the Producing Party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving Party from requesting that the

**AMENDED STIPULATED PROTECTIVE ORDER**

Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold documents.

Further, if timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this order.

**20.    RETURNING OR DESTROYING DOCUMENTS UPON CONSENT OF PARTY WHO PROVIDED SAID DOCUMENTS UPON ENRTY OF FINAL JUDGMENT**

Within sixty (60) days after the termination of this Action by entry of a final judgment or order of dismissal, each Party shall either (a) return to the Producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information and certify in writing within thirty (30) days after destruction that the documents have been destroyed. Outside Counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Each Non-Party or other person subject to the terms of this Order, shall within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal either (a) return to the Producing Party all materials designated as Confidential Information under this Order and all copies thereof, or (b) destroy such documents upon consent of the Party who provided the information, and certify in writing within thirty (30) days after destruction that the documents have been destroyed.

**21.    NON-PARTY'S ELECTION TO BE BOUND TO PROTECTIVE ORDER**

In the event any Non-Party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such Non-Party, such Non-Party may elect to be bound by the terms of this Order by

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

notifying Counsel for all Parties in writing.  Upon service of such notice such Non-Party may designate documents and information as Confidential Information in the manner set forth in this Order, and such Non-Party's Confidential Information shall be treated in the same manner as the Confidential Information of a Party to this action.

**22.    ORDER STILL EFFECTIVE AFTER ENTRY OF FINAL JUDGMENT OR DISMISSAL**

After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be in effect.  This Protective Order is and shall be deemed to be an enforceable agreement between the Parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

**23.    COURT PRESERVATION CONFIDENTIALITY OF PROTECTED DOCUMENTS AND CONFIDENTIAL INFORMATION**

The Parties request that the Court will undertake proper measures to preserve the confidentiality of Protected Documents and other Confidential Information used during any hearing or at the trial of this case or which was filed with the Court. To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of such confidential documents at trial. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. This Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, ~~nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, proprietary, or business information~~. Nothing in this

**AMENDED STIPULATED PROTECTIVE ORDER**

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

Order shall be deemed to limit a Party's right to disclose to any person its own information and documents for any purpose.

## 24.    DOCUMENT NUMBERING ON CONFIDENTIAL DOCUMENTS

The Parties further agree that any legend or stamp utilized for document numbering or to identify or designate documents as being confidential, shall be placed, to the extent physically possible, on such documents so as not to obliterate, cover, or interfere with the reading of the substance of the documents and information contained within such documents.

## 25.    CHALLENGING PARTES TO DOCUMENTS THEY BELIEVE WERE ERRONEOUSLY DESIGNATED AS CONFIDENTIAL

If a Party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL," it shall nevertheless treat the document as confidential unless and until it either (a) obtains written permission from the Party that designated the document as Confidential to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an Order of this Court stating that the document is not confidential and shall not be given confidential treatment.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. The burden of persuasion in any such challenged proceeding shall be on the Designating Party. Frivolous challenges, and those made of an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waved or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as confidential.  If the document at issue was produced by a third party, the Party objecting to the designation of "Confidential" shall

AMENDED STIPULATED PROTECTIVE ORDER

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

provide that third party with notice of its objection, with copies of any pleadings filed regarding the designation of that third party's documents and with notice of any hearing that may be conducted related to the designation of that third party's document(s).

**26. THE COURT MAY MODIFY TERMS AND CONDITIONS OF THE ORDER FOR GOOD CAUSE**

The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

**27. PARTIES NEED A SEPARATE COURT ORDER TO AMEND, CHANGE OR CIRCUMVENT PROTECTIVE ORDER**

Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

**28. NO DOCUMENT MAY BE FILED UNDER SEAL WITHOUT A COURT ORDER**

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

If an application to file a document under seal is granted by Judge Bristow, or the presiding judge, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Bristow or the presiding judge's chambers.

**A. MISCELLANEOUS**

    a. Right to Further Relief. Nothing in this Order abridges the rights of any person to seek its modification by the Court in the future.

    b. Right to Assert Other Objections. By stipulating the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

The foregoing agreed Protective Order has been reviewed and consented to by the following counsel of record.

Respectfully Submitted By:

Dated: 06/19/2025

MARK H. APRAHAMIAN, P.C.

By *Margaret M. Kame*
MARK H. APRAHAMIAN, ESQ.
MARGARET M. KAME, ESQ.
Attorneys for Plaintiff,
ELVA BERNAL

Dated:    06/19/2025

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

By:
MARISSA A. WARREN, ESQ.
MERNA R. ABDELMALAK, ESQ.
ARIANNA M. PEREGRETTI, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC. and CVS CAREMARK ADVANCED TECHNOLOGY PHARMACY, L.L.C.

1

2                          **[PROPOSED] ORDER**

3       **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4              June 23, 2025

5       Dated: _____        _____
                                                HON. DAVID T. BRISTOW
6                                               United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ of

_____, declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____ in the

case of ELVA BERNAL v. CVS PHARMACY, INC., et al., Case No. 5:24-cv-01842-

SSS (DTB). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or time that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court of the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order even if such enforcement proceedings occur after termination of this

action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____


Printed name: _____


Signature: _____

**AMENDED STIPULATED PROTECTIVE ORDER**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA ⎤
                         ⎥ ss.
COUNTY OF LOS ANGELES ⎦

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES, 2677 North Main Street, Suite 901, Santa Ana, California 92705-6632.

      On June 20, 2025, I served the foregoing document described as **AMENDED STIPULATED PROTECTIVE ORDER** to be electronically filed with the United States District Court, Central District of California – Eastern Division by using the CM/ECF system.

      I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Mark H. Aprahamian, Esq.
Margaret M. Kame, Esq.
**MARK H. APRAHAMIAN, P.C.**
3250 Wilshire Boulevard, Suite 2000
Los Angeles, CA  90010
Telephone (213) 382-3300 • Facsimile (213) 382-5455
Email: mhalegal@gmail.com
Email: m.kame@mhalegal.com
Email: eric.k@mhalegal.com
Email: katelyn.m@mhalegal.com
Email: jose.r@mhalegal.com
***Attorneys for Plaintiff, ELVA BERNAL***

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on June 20, 2025, at Santa Ana, California.

_____
          JENNA KOVAL

1
2
# [PROPOSED] ORDER

3
**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4
5
Dated: _____        _____
                                      HON. DAVID T. BRISTOW
6                                     United States Magistrate Judge

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES